IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CURTIS LEE WATSON,**

    Petitioner,

v.     //     CIVIL ACTION NO. 1:14CV114
                (Judge Keeley)

**TERRY O'BRIEN,**

    Respondent.

### ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 28]

In July 2014, the pro se petitioner, Curtis Lee Watson ("Watson"), filed a petition for habeas corpus, pursuant to 28 U.S.C. § 2241. (Dkt. No. 7). Currently pending are the motion to dismiss or for summary judgment (dkt. no. 18) filed by the government, the motion for summary judgment (dkt. no. 27) filed by Watson, and the report and recommendation ("R&R") (dkt. no. 28) entered by the Honorable John S. Kaull, United States Magistrate Judge. Watson objects to the R&R on the single ground that it failed to consider the decision in Daniel v. Fulwood, 766 F.3d 57 (D.C. Cir. 2014).

In August 1978, the Superior Court for the District of Columbia sentenced Watson to an aggregate term of imprisonment of thirty years to life. In 1988, he escaped from the facility where he was incarcerated, and was not arrested until 1995. Following his arrest, the United States District Court for the Eastern District of Virginia sentenced him to twelve months of imprisonment to run consecutive to his sentence from the D.C. Superior Court. In 1998, pursuant to federal law, Watson's custody was transferred

from the District of Columbia to the federal Bureau of Prisons ("BOP").

After hearings in 2004 and 2007, the United States Parole Commission determined Watson's parole eligibility date to be April 27, 2012. At a hearing in November 2012, however, the Commission denied Watson parole and set a reconsideration hearing for October 2014. The Court is unaware whether that hearing occurred, and, if so, what the Commission decided.

In his petition, Watson claims (1) that the BOP converted his thirty-year term into a federal life sentence; (2) that the BOP has stopped giving him "good-time" credit for his D.C. Superior Court sentence; and (3) that he has "maxed out" his term of imprisonment by serving 65% or nineteen years. All this, Watson urges, requires his immediate release from incarceration. In his summary judgment motion, Watson raises another claim, namely, that the Commission's application of the current parole guidelines constitutes a violation of the ex post facto clause because the current guidelines differ from the parole guidelines in place at the time of his original convictions.

The R&R concludes that all of Watson's claims have already been denied by other federal courts in which he previously filed § 2241 petitions, and, consequently, his instant petition amounts to

2

an "abuse of the writ."[1] Watson does not object to this conclusion, and the Court finds no clear error. Nevertheless, Watson does contend that the R&R fails to account for the opinion of the D.C. Circuit Court of Appeals in Daniel and its effect, if any, on his ex post facto claim.

In Daniel, the D.C. Circuit reversed and remanded the district court's dismissal of an ex post facto claim because the plaintiffs had satisfied federal pleading standards to withstand the defendants' motion under Fed. R. Civ. P. 12(b)(6). In its decision, the court did not enunciate a new rule of law; rather, it simply reiterated the well-established principle that retroactive changes in laws governing parole of prisoners are violative of the ex post facto clause only when they "create[] a significant risk of prolonging [a prisoner's] incarceration." Garner v. Jones, 529 U.S. 244, 251 (2000); see also Trice v. Reilly, No. 5:08CV31, 2009 WL 514112, at *4 (N.D.W. Va. Mar. 2, 2009). Because, in Daniel, the complainants had made a "plausible" showing of such a risk at the pleading stage, the court determined that dismissal was inappropriate.

Here, by contrast, Watson raised his ex post facto claim through a single-page motion for summary judgment that presents no reason why any change in parole guidelines might create a

---

[1] "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus. . . ." 28 U.S.C. § 2244(a).

3

significant risk of prolonging his sentence.  Moreover, two other courts have already determined that the same claim raised by Watson in previous § 2241 petitions is without merit.  See Watson v. Warden, FCC Coleman-USP I, No. 5:12CV491-OC-27PRL, 2015 WL 78775, at *4 (M.D. Fla. Jan. 6, 2015) (concluding that "[Watson's] ex post facto claim is without merit" because "the application of the 2000 guidelines to [Watson's] parole does not create a significant risk of a longer period of incarceration than under the earlier regulations"); Watson v. United States Parole Comm'n, 869 F. Supp. 2d 145, 150 (D.D.C. 2012) (concluding that Watson's ex post facto claim is "meritless" because "the Court cannot conclude that [Watson] would have fared better under a prior regime").  Therefore, Watson's ex post facto claim –- like the rest of his claims -- fails because it constitutes an abuse of the writ.

In conclusion, for the reasons discussed, the Court **OVERRULES** Watson's objection, **ADOPTS** the R&R, **GRANTS** the government's motion, **DENIES** Watson's motion and habeas petition, and **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, return receipt requested, and to enter a separate judgment order.

DATED: March 10, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE